J-S09012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT DANIEL | : | |
| | : | |
| Appellant | : | No. 1636 EDA 2020 |

Appeal from the PCRA Order Entered August 10, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000319-2016

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 21, 2021**

Appellant, Lamont Daniel, appeals *pro se* from the order entered on August 10, 2020, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9646.  We vacate the order and remand for additional proceedings.

We briefly summarize the facts and procedural history of this case as follows.  "A search of [Appellant's] apartment by agents of the Pennsylvania Board of Probation and Parole uncovered one hundred and twenty-nine (129) bags of heroin in a shoe box in the bedroom of that apartment."  PCRA Court Opinion, 9/24/2020, at 1-2.  Thereafter, on June 16, 2016, a jury found Appellant guilty of possession with intent to deliver a controlled substance (heroin), possession of a controlled substance, and possession of drug

paraphernalia.[1]  On December 12, 2016, the trial court sentenced Appellant to seven to 15 years of incarceration.  This Court affirmed Appellant's judgment of sentence on July 18, 2018.  *See Commonwealth v. Daniel*, 2018 WL 3454078 (Pa. Super. 2018) (unpublished memorandum).  On January 30, 2019, our Supreme Court denied further review.  *See Commonwealth v. Daniel*, 201 A.3d 157 (Pa. 2019).

Thereafter,

[o]n December 3, 2019, [A]ppellant filed a *pro se* [PCRA petition] alleging [that] trial counsel was ineffective because he "failed to provide a full consultation regarding [Appellant's] guilty plea decision." Counsel was appointed to represent [A]ppellant, and on March 4, 2020, [appointed PCRA] counsel filed a motion to withdraw as counsel and a [] letter [pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)].  PCRA counsel found that [A]ppellant's "sole claim of error that trial counsel failed to adequately consult with him about the advisability of pleading guilty ... to be legally meritless." On March 10, 2020, [the PCRA c]ourt issued a notice of [its] intention to dismiss the PCRA petition [without a hearing] pursuant to Pa.R.Crim.P. 907(1). [A]ppellant filed a response to [the] notice of intent to dismiss on April 6, 2020, alleging he did not receive a copy of the *Finley* letter.  As a result, [the PCRA c]ourt entered an order on May 1, 2020, granting [A]ppellant an additional sixty (60) days to file a Pa.R.Crim.P. 907(1) response. On June 19, 2020, [A]ppellant filed a response [] alleging PCRA counsel's *Finley* letter was issued without interviewing witnesses who may have supported his PCRA claims.

\*          \*          \*

On August 10, 2020, the [PCRA court dismissed A]ppellant's PCRA petition[.]  On August 17, 2020, [the PCRA court issued] an

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

amended order [] which granted PCRA counsel's motion to withdraw.

PCRA Court Opinion, 9/24/2020, at 2-3 (original brackets, footnotes, and unnecessary capitalization and quotations omitted).

More specifically, and relevant to the current appeal, Appellant asserts that the Commonwealth, before trial, offered him a guilty plea agreement with a negotiated minimum sentence of 18 months of imprisonment. Memorandum of Law in Support of PCRA Petition, 12/3/2019, at 6. Appellant acknowledges that he met with trial counsel several times prior to trial to discuss the plea offer and general trial strategy. *Id.* Appellant posits, however:

> Trial began and [trial counsel] outlined the case he planned to present primarily through [Appellant's] testimony. The Commonwealth presented their witnesses and rested at the end of the first day. At the outset of the second day, [trial counsel] visited [Appellant] in the holding cell. He said that the Commonwealth had a tape[-]recorded conversation from the county jail during which [Appellant] claimed the drugs were his. [Trial counsel] said that he had not heard the tape but did not expect it to be very damaging. He told [Appellant] that he planned to stipulate to the tape being played and that [Appellant] would testify after the Commonwealth played the tape for the jury.
>
> Both [Appellant] and [trial counsel] heard the tape for the first time when the Commonwealth played it [at trial].

*Id.* Appellant also acknowledges that the decision to plead guilty was ultimately his to make and that he opted for trial. *Id.* at 10. Citing the American Bar Association's standards for criminal justice, however, Appellant claims that trial counsel failed to fully consult with him:

> In this case, [trial counsel] specifically advised [Appellant] that the tape[-]recorded prison phone call was not a big deal and would

- 3 -

not impact their defense. He failed to properly explain that what [Appellant] was saying on that tape cut directly against his trial testimony and would certainly undermine his credibility in the eyes of the jury. It was because [Appellant] believed [trial] counsel's legal assessment of the tape as weak evidence that [Appellant] could not properly weigh the risk of a trial against the offer of [a sentence of] 18 to 36 months [of imprisonment] that was on the table. Due to the fact that [trial counsel's] consultation with his client failed to include listening to the tape together and discussing the implications of what was on it and how that tape could be used to undercut [Appellant's] proposed testimony, the advice [trial counsel] provided about the low risk of losing [Appellant] faced at trial should be deemed objectively unreasonable.

*Id.* at 11-12.[2]

_____

[2] Here, as will be discussed at length, Appellant's claim turns on whether trial counsel knew about the prison recording, and that the Commonwealth planned on introducing it at trial, **prior** to the plea negotiations. We note that Appellant was arrested on November 20, 2015. *See* N.T., 6/15/2016, at 67, 103, and 121. The prison conversation at issue occurred two days later, on November 22, 2015. *See* N.T., 6/16/2016, at 60. There is no evidence of record specifying when the Commonwealth exchanged discovery or turned over the prison recording to trial counsel. Likewise, there is no record evidence that trial counsel learned about the prison recording from another source. Trial began on June 15, 2016. Prior to jury selection, the Commonwealth set forth the plea agreement on the record. *See* N.T., 6/15/2016, at 5-6. The trial court conducted a plea colloquy and, thereafter, Appellant rejected the offer. *Id.* at 6-7. The case proceeded to jury selection and the jury trial immediately commenced. Appellant claims that it was not until after the first day of trial, and before the second day started, that he learned from trial counsel that the Commonwealth intended to use the prison recording at trial. He asserts that trial counsel had a duty to fully consult with him regarding the effect of the prison recording before he could enter an informed plea. We note, however, that Appellant also suggests that trial counsel was unaware of the content of the prison recording or that the Commonwealth intended to use the prison recording until the second day of trial. If trial counsel was not aware of the prison recording during the plea negotiations, he could hardly be considered ineffective for failing to consult about it. If, however, trial counsel possessed the prison recording or knew of the conversation (and the possibility it was recorded) and nevertheless failed
*(Footnote Continued Next Page)*

In his no-merit letter to the court, PCRA counsel opined:

[Appellant's] sole claim of error is that [t]rial [c]ounsel failed to adequately consult with him about the advisability of pleading guilty. This claim is legally meritless. Essentially, [Appellant] alleges that, had [t]rial [c]ounsel adequately consulted with him, he would have pleaded guilty instead of exercising his right to a jury trial. In support of this assertion, [Appellant] has proffered the testimony of Wendy Chelder[, a trial witness] who, if called to testify [on PCRA review], would testify that: (1) she spoke to [t]rial [c]ounsel prior to the trial commencing; (2) [t]rial [c]ounsel advised her that [Appellant's] trial was "winnable" because there were inconsistencies in the witness's stories; (3) she relayed this information to [Appellant] during an audio-recorded prison visit; and (4) she regularly spoke to [Appellant] about the case during audio-recorded prison visits. Further, [Appellant] alleges that [t]rial [c]ounsel never advised him that his conversations during non-attorney prison visits were recorded, or that these recorded conversations could be used against him at trial.

This issue is meritless. […T]he decision to reject a plea offer and to proceed to trial is a decision solely for a criminal defendant to make. *See* [***Commonwealth v. Johnson***, 179 A.2d 1153, 1160 (Pa. Super. 2018)]. [Appellant] was not prejudiced by his decision because his choice did not so undermine the truth-determining process that no reliable adjudication of guilt or innocence took place. Rather, [Appellant] got the benefit of a full and unfettered truth determining process. The only prejudice [Appellant] can claim here is that he received a longer sentence by going to trial rather than admitting his guilt, and that prejudice is not cognizable under the [PCRA.[3]]

_____

to consult with Appellant about its impact upon the advisability of accepting the plea agreement, Appellant may have a colorable claim. Because Appellant has raised issues of material fact, we believe, for the reasons that follow, an evidentiary hearing is warranted.

[3] As will be discussed, to show prejudice under the PCRA, a petitioner must prove there is a reasonable probability that the outcome of the proceedings would have been different but for trial counsel's ineffectiveness. Here, Appellant claims he was prejudiced, and his plea decision would have been

*(Footnote Continued Next Page)*

No-Merit Letter, 3/4/2020, at 4-5 (citation, quotations, and original brackets omitted).

In its Rule 907 notice of intent to dismiss the PCRA petition, the PCRA court stated:

> the entire plea offer was put on the record before the [trial c]ourt prior to the selection of the jury, which involved a cap on the minimum sentence of eighteen (18) months. [Appellant] was specifically queried by the [trial c]ourt regarding [trial] counsel's review of the plea with [Appellant] and his decision to reject it:
>
> > THE COURT: Okay. You've reviewed that agreement with [Appellant?]
> >
> > [COUNSEL:] I have, Your Honor.
> >
> > THE COURT: Okay. And your client has rejected it?
> >
> > [APPELLANT]: Yes.
> >
> > THE COURT: Okay. And [the agreement as set forth by the Commonwealth] was, that was explained to you by [trial counsel]?
> >
> > [APPELLANT]. Yes.
> >
> > THE COURT: Just so that we understand each other, if you're convicted of the most serious offense, there's no guarantee that you're going to get a minimum of 18 months. You could — not likely — but you could get 15 to 30 years in jail, and there's no requirement that [the trial court] comply with the [sentencing] guidelines. [The trial court must] consider the guidelines, but [is] not bound by the guidelines.
> >
> > So in this particular case, you're on state parole when this occurred. That would be a — for a drug offense — which would be a reason in and of itself to deviate from the

_____

different, if there had been proper legal consultation prior to Appellant rejecting the plea agreement and proceeding to trial. Under prevailing law, discussed at length below, this is the proper focus for exploring whether trial counsel was ineffective.

guidelines. Just so that you understand that there's no guarantee if you're convicted of this you're going to get 18 months or even 24 months or even 30 months so we understand each other.

[APPELLANT]: Yes.

THE COURT: Okay. Then you understand the risks that you're taking and that's your decision to make. It's your life, so you have to make decisions.

[N.T., 6/15/2016, at] 6-7.

Notice of Intent to Dismiss, 3/10/2020, at 1 n.5.

The PCRA court further determined that Appellant, by his own admission, met with trial counsel multiple times to discuss the plea deal prior to trial and, therefore:

The only conclusion that can be reached following a review of the record is that [trial] counsel fulfilled his duty of providing [Appellant] with a full consultation regarding his case before the petitioner decided on his own to reject the plea offer and proceed to trial. As PCRA counsel adeptly notes[], the decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant himself. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). "The accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." [*Johnson*, 179 A.2d [at] 1160]. Although [trial] counsel might have suggested that a certain course of action be taken, the final decision rested with [Appellant]. For that reason, his claim must fail.

*Id.*

Ultimately, in its Rule 1925(a) opinion, the PCRA court concluded:

Here, [trial] counsel consulted with his client repeatedly, including reviewing the terms of the proposed plea agreement. The terms of the proposed plea were memorialized on the record during the first day of the trial. [A]ppellant, on the record, rejected the proposed plea. He had no questions, requested no further

- 7 -

> consultation with counsel, and acknowledged that he understood the potential sentence he faced if he was found guilty.

PCRA Court Opinion, 9/24/2020, at 4-5 (record citations omitted). Citing cases from this Court, wherein we examined PCRA claims of ineffective assistance of counsel regarding sentences imposed following guilty pleas, the PCRA court opined Appellant did not receive misinformation in this case. *Id.* at 5-6, *citing* **Commonwealth v. Brown**, 2020 WL 3968093 (Pa. Super. 2020)(counsel's advice was not within the range of competence demanded of attorneys in criminal cases where the decision to plead guilty was based on a guideline miscalculation.); **Commonwealth v. Rathfon**, 899 A.2d 365 (Pa. Super. 2006) (counsel did not provide effective assistance during plea process by misrepresenting or misapprehending that sentence would be served in a county facility.); **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002)(counsel's incorrect advice that defendant would be eligible for boot camp constituted ineffective assistance of counsel.).

> Moreover, the PCRA court noted:

> [A]ppellant, who is a sophisticated repeat offender, is using the PCRA as a trial testing device. He always requested a jury trial, and openly rejected the plea offer. However, in light of his conviction and sentence, he is attempting to turn the clock back to a pretrial stage of the proceedings to contend that he did not have the opportunity for "full consultation" with counsel. If successful, every appellant who turned down a plea bargain and was convicted at trial would be entitled to the benefit of the original plea agreement.

*Id.* at 6. As such, the PCRA court determined that an evidentiary hearing was not warranted. *Id.* at 7. ("[A]ppellant adamantly requested a jury trial.

His disappointment with the outcome does not give him the right to a redo, nor does it mean that trial counsel was ineffective."). Moreover, the PCRA court determined that because trial counsel was not ineffective and Appellant's claim lacked merit, PCRA counsel, likewise, did not render ineffective assistance of counsel and was properly permitted to withdraw. *Id.* This timely appeal resulted.[4]

On appeal *pro se*, Appellant presents the following issues for our review:

I. Did the PCRA court err in dismissing without a hearing [Appellant's] claim that trial counsel failed to provide a full consultation regarding Petitioner's decision to plead guilty where the advice counsel offered was unreasonable because it was legally deficient?

II. Did PCRA [c]ounsel [] provide ineffective assistance by failing to do any investigation into the matter before issuing a no[-]merit letter and requesting to withdraw?

Appellant's *Pro Se* Brief, at 6.

On appeal, Appellant claims that the PCRA court erroneously focused on the plea colloquy conducted before trial when it decided that trial counsel fully consulted with him. *Id.* at 16-17. He claims that the colloquy wherein the trial court inquired as to whether Appellant understood the terms of the plea agreement "is irrelevant," because Appellant "has not challenged the colloquy, nor has he claimed that the colloquy itself was flawed in any way." *Id.* at 16.

_____

[4] Appellant filed a *pro se* notice of appeal on September 3, 2020. Appellant complied timely with the PCRA court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 24, 2020, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Instead, Appellant alleges that, after plea negotiations and trial began, trial counsel notified Appellant that the Commonwealth intended to use recorded prison conversations to rebut Appellant's proffered defense. *Id.* at 12-13. As such, Appellant contends:

> [trial counsel] offered specific advice that sabotaged his ability to make a sensible decision. When [trial counsel] told both [Appellant] and [Appellant's] significant other, Wendy Chelder, that the tape-recorded prison phone call was not a big deal and would not impact the defense he was wrong. When [trial counsel] opted not to inform his client that the things [Appellant] was saying on the tape would cut against his trial testimony he was wrong. When he told [Appellant] that the tape would not undermine his credibility [trial counsel] was negligent because he made this assertion without ever having listened to it. [Trial counsel's] judgment of the evidence against [Appellant] was a thumb on the scale of his client's decision-making. Because [trial counsel] issued a definitive professional opinion that the tape was feeble evidence that would not stop the defense from securing a not guilty verdict, [Appellant] could not accurately weigh the risk of a trial against the offer of 18 to 36 months that was on the table. A proper consultation with competent counsel would have included at least three steps []: (1) listening to the tape together; (2) discussing how the statements on the tape would square with [Appellant's] proposed trial testimony; and (3) coming to a consensus about whether or not the risk of a trial outweighed [] accepting the plea deal. None of these three occurred.

*Id.* at 17-18. Because Appellant claims that he raised an issue of material fact, he argues he is entitled to an evidentiary hearing and urges this Court to remand the matter to the PCRA court. *Id.* at 18-19.

Our Supreme Court previously determined:

Under [the] standard of review for an appeal from the denial of PCRA relief, [an appellate court] must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Washington*, 927 A.2d 586, 593

- 10 -

(PA. 2007). The PCRA court's credibility determinations are binding on [an appellate court] when they are supported by the record. *Commonwealth v. Johnson*, 966 A.2d 523, 532, 539 (Pa. 2009). However, [an appellate court] applies a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Rios*, 920 A.2d 790, 810 (Pa. 2007).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or United States Constitution and ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i), (ii).

*          *          *

[…T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." [*See, i.e.,* Pa.R.C.P. 907]. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 527 A.2d 973, 975–976 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008). With regard to the second, reasonable basis prong, "[an appellate court should] not question whether there were other more logical courses of action which counsel could have pursued; rather, [] must examine whether counsel's decisions had any reasonable basis." *Washington*, **supra** at 594. [An appellate court may] conclude that counsel's chosen strategy

- 11 -

lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Dennis**, **supra** at 954. [Our Supreme Court has] stress[ed] that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

**Commonwealth v. Paddy**, 15 A.3d 431, 441–443 (Pa. 2011) (original

brackets omitted).

Moreover, this Court determined:

A PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.

It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Williams**, 244 A.3d 1281, 1287 (Pa. Super. 2021)

(internal citations and original brackets omitted).

The failure to properly explain the advantages and disadvantages of

accepting or rejecting a plea offer may be ineffective assistance of counsel.

**See Commonwealth v. Boyd**, 688 A.2d 1172, 1175 (Pa. 1997), *overruled*

*on other grounds*, **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d

126 (Pa. 2001). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citation omitted). "During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Id.* (citation and quotation omitted). Challenges to guilty pleas based on ineffective assistance of counsel require a defendant to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 163 (citations omitted).

This Court stated:

> An attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy. That obligation, however, does not require counsel to obtain the defendant's consent to every tactical decision. But certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate. [The United States Supreme Court has] affirmed [that a defendant] has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal. Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action.

*Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011), *citing Florida v. Nixon*, 543 U.S. 175, 187 (2004) (internal citations and quotations omitted).

"Defense counsel has a duty to communicate to his [or her] client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial." *Commonwealth v. Copeland*, 554 A.2d 54, 60 (Pa. Super. 1988), *citing Commonwealth v.*

*Napper*, 385 A.2d 521 (Pa. Super. 1978). Citing American Bar Association standards, our Court determined, "the lawyer should advise the accused with complete candor concerning all aspects of the case, including his [or her] candid estimate of the probable outcome" and should not "intentionally [] understate or overstate the risks, hazards or prospects of the case to exert undue influence on the accused's decision as to his [or her] plea." *Id.* (citation omitted). The *Copeland* Court ultimately explained:

> The decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. This decision must finally be left to the client's wishes; counsel cannot plead a man [or woman] guilty, or not guilty, against his [or her] will. But counsel may and must give the client the benefit of [] professional advice on this crucial decision, and often [counsel] can protect the client adequately only by using a considerable amount of persuasion to convince the client that one course or the other is in the client's best interest. Such persuasion is most often needed to convince the client to plead guilty in a case where a not guilty plea would be totally destructive.

*Id.* (citation omitted).

Here, the PCRA court's decision rested almost exclusively on the plea colloquy conducted prior to trial and its repeated explanation that the choice to plead guilty rested exclusively with Appellant. The PCRA court determined that the terms of the proposed plea agreement, relative to the sentences Appellant faced, were explained to, and rejected by, Appellant prior to trial and without the need for further consultation. This may be true; however, the PCRA court did not address Appellant's central allegation that trial counsel failed to confer with him about the relative advantages and disadvantages of

accepting the Commonwealth's plea offer given the recorded prison conversation between Appellant and his significant other. Thus, whether and when trial counsel learned of the conversation and recording, and whether counsel discussed the matter with Appellant **before** rejection of the plea agreement, raise issues of material fact.

Appellant was arrested on November 20, 2015. The prison conversation at issue occurred two days later, on November 22, 2015. The matter went to trial in June 2016. Upon review of the certified record, there were no formal, docketed requests for discovery, and we cannot discern when the Commonwealth disclosed the prison conversation to trial counsel, or whether counsel learned of the conversation through other sources. Furthermore, while Appellant confirmed that he understood the **terms** of the plea agreement during the colloquy prior to trial, trial counsel had a duty to consult with Appellant regarding the evidence the Commonwealth intended to present at trial, the defense strategy to be employed on Appellant's behalf, and the relative merits of the plea offer compared to Appellant's chances at trial. Here, the trial court's plea colloquy prior to trial did not include these inquiries. Moreover, Appellant contends that trial counsel did not consult with Appellant about the effect of the prison conversation/recording on his defense and his overall chances at trial. Without input from trial counsel, these assertions raise material issues of fact which, if resolved in Appellant's favor, may entitle him to relief. Moreover, trial counsel was required to give Appellant a candid estimate of the probable outcome of trial and not

intentionally understate the risks, hazards, or prospects of the case. Appellant's assertion that trial counsel minimized the risk the prison recording had on his defense also created a material issue of fact. An evidentiary hearing is necessary to examine trial counsel's knowledge and what was conveyed to Appellant regarding the significance of the recorded prison conversation and its effect on Appellant's anticipated trial strategy.

Based upon our review of the certified record and applicable law as set forth above, we conclude that Appellant's PCRA claims created genuine issues of material fact. This case turns on what defense counsel conveyed to Appellant at the time Appellant rejected the plea offer and whether counsel, at that time, was aware of the recorded jail conversation. As such, the PCRA court erred by denying relief without conducting an evidentiary hearing. While we agree that the decision to plead guilty was ultimately left to Appellant, the decision could only be made after a full consultation with trial counsel. On the record before us, we cannot discern whether that occurred. As such, we remand for an evidentiary hearing.

Finally, in his second issue presented on appeal, Appellant contends that PCRA counsel was ineffective for failing to investigate his claims. Based upon our resolution of Appellant's first issue, we agree. Our Supreme Court has held:

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a prisoner's first petition for post[-]conviction relief. Pa.R.Crim.P. 904; ***Pennsylvania v.***

> *Finley*, 481 U.S. 551, 555 (1987); *Commonwealth v. Kenney*, 732 A.2d 1161, 1165 (Pa. 1999). Pursuant to our procedural rules, not only does a PCRA petitioner have the "right" to counsel, but also he or she has the "right" to effective assistance of counsel. *Commonwealth v. Albrecht*, 720 A.2d [693,] 699–700 [(Pa. 1998)]. The guidance and representation of an attorney during collateral review "should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone." *Commonwealth v. Albert*, 561 A.2d 736, 738–739 (Pa. Super. 1989).

*Commonwealth v. Haag*, 809 A.2d 271, 282–283 (Pa. 2002). Upon remand, we direct the PCRA court to appoint new PCRA counsel to represent Appellant.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date:* 6/21/2021

- 17 -